# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-06887-JHN-SSx | Date | February 18, 2010 |
|---|---|---|---|
| Title | Vincent P. Keenan et al v. Bank of America et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER TO SHOW CAUSE RE DISMISSAL   (In Chambers)

This action was filed on September 22, 2009.  However, it now appears the Court lacks subject matter jurisdiction.

On December 28, 2009, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint [Docket No. 22] and also a Motion to Strike the First Amended Complaint [Docket No. 23].  Hearing was set for February 22, 2010.  Plaintiffs' untimely oppositions were filed on February 11, 2010.  *See* Local Rule 7-9 (opposition must be filed not later than twenty-one (21) days prior to the hearing date).  Defendants filed a Reply on February 16, 2010 [Docket No. 29] objecting to the late opposition.  In any event, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing on February 22, 2010 is removed from the Court's calendar.

Plaintiffs concede in the Opposition that dismissal is appropriate as to the first and fourth causes of action brought under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 *et seq.*, respectively.  As such, Plaintiffs' only remaining causes of action are for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violations of the California Business & Professions Code § 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure—all state claims that must be pursued in state court.

Federal question jurisdiction exists only in cases where "a well-pleaded complaint establishes either that *federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on* resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (emphasis added).  Here, none of Plaintiffs' remaining claims arises under federal law or involves a substantial question of federal law.  Because Plaintiffs apparently consent to dismissal of their only claims arising under federal law and no diversity jurisdiction exists, the Court lacks subject matter jurisdiction, and the matter must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-06887-JHN-SSx | Date | February 18, 2010 |
|---|---|---|---|
| Title | Vincent P. Keenan et al v. Bank of America et al | | |

**Plaintiffs are Ordered to Show Cause in writing why this matter should not be dismissed within 10 days of the date of this Order**.  Failure to respond will be deemed as consent to dismissal.  The matter will stand submitted once the Plaintiffs file their response, and the Court will set a hearing thereafter if necessary.

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |